UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Strickland; | ) C/A No. 6:05-3459-GRA-WMC |
| Plaintiff; | ) |
| vs. | ) **Report and Recommendation** |
| Dillon Co. Sheriff Harold Grice, Sheriff's Dept.; Chief Joe Rogers, Dillon City Police Dept.; Johnnie Myers, Investigator City Police; Jason Turner, Investigator City Police; Dillon Co. Solicitors Office; and Solicitor Kenard Rebbon; | ) |
| Defendants. | ) |

The Plaintiff, Richard Strickland (hereafter, the "Plaintiff") has brought this *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is confined at the Dillon County Detention Center. The narrative from his Complaint is recited below verbatim:

> Every since I was released from prison on 7-1-05 the city police investigators Johnnie Myers and Jason Turner have been harassing me trying to put false warrants on me. They also stated they would have me back in prison very soon. I have two warrants I am sending copies of that Officer Johnnie Myers took out on me with the Sheriffs Dept. and they are false warrants saying I broke in his police car an [sic] stole something on 6-14-6-30-05 [sic]. When in fact I was still incarcerated and in prison in Evans Corr. Inst. in Bennettsville, S.C., until July 1, 2005. These two officers have been harassing me ever since I was a juvenile if they look at my record. Most of my previous charges came from these two

1

> officers. The reason I can't live my life in peace is because of these officers an [sic] their vindictive motives they will not stop slandering my name or putting false warrants on me. I am facing ten warrants in Genral [sic] Sessions court because of these two officers and they have no evidence! They have the Solicitor Kenard Rebbon on their side slandering my name an [sic] he has vindictive motives also his exact words to my attorney public defendant Samuel Ingram was he is going to burn my ass in trial and give me 20 years. I feel I am being Railroaded. This is also causing me mental anguish and my family.
> I would like the court to have these defendants to pay me money for my mental anguish and have all my cases dismissed in General Sessions court on the grounds of they have no proof and for violation of my rights. I would also like for these defendants to be fired for unappropriate [sic] conduct as state officials.

[1-1, pp. 3-4.]

### *Pro Se* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S .97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**<u>NO LIBERTY INTEREST</u>**

Plaintiff states that he is being detained on at least ten warrants but does not indicate that he has been indicted or tried in the Court of General Sessions. Pre-trial detention is not a deprivation of due process, even when a defendant asserts his innocence. In *Brooks v. City of Winston-Salem, N.C.*, 85 F. 3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals took the occasion to consider whether or not a liberty interest exists in avoiding prosecution upon less than probable cause. In the *Brooks* decision, and in the earlier case of *Taylor v. Waters*, 81 F. 3d 429 (4th Cir. 1996), the Fourth Circuit made the following observation, drawing in particular upon *Gerstein v. Pugh*, 420 U.S. 103 (1975):

> Th[e Fourth] amendment requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause as a condition of significant pretrial restraint of liberty. [Citation omitted] Once such a determination of probable cause has been rendered, however, the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable. [Citations omitted.] Instead, other constitutional guarantees contained in the Bill of Rights – such as the right to a speedy trial – protect the accused by ensuring that he will not be detained indefinitely before an "ultimate determination of...innocence is placed in the hands of the judge and the jury."

81 F. 3d at 428-429. In the present action, Plaintiff has filed two warrants which clearly were signed by Dillon County Chief Magistrate James F. Rogers. In other words, Plaintiff's detention under these warrants is indeed proper based upon a judicial officer's evaluation of probable cause.

## § 1983 ACTION IS PREMATURE

As a pre-trial detainee not yet convicted, Plaintiff' exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), **after** he fully exhausts his state remedies. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975). Pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971). The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Plaintiff's contention that he was actually incarcerated at the time of the alleged offenses is, candidly speaking, a cause for some concern. Plaintiff indicates that he is represented by an attorney in the Court of General Sessions. This Court assumes that Plaintiff will apprise his counsel of this alibi defense in the state court proceedings.

If convicted and sentenced in his pending criminal case, Plaintiff has the remedy of filing a direct appeal. Any constitutional violation underlying his conviction would be most appropriately challenged at this stage. If his direct appeal is unsuccessful, he can file an application for post-conviction relief under S.C. Code Annotated § 17-27-10 through

§ 17-27-160. A PCR applicant in South Carolina may appeal a denial of relief by the Court of Common Pleas by directing a Petition for Writ of Certiorari to the South Carolina Supreme Court. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). Conceivably, if constitutional violations occurred in the manner of Plaintiff' arrest or his defense is inadequately presented to the trial court by defense counsel, the PCR application would provide Plaintiff his chance to make that argument in the state courts before resort to this federal forum. Needless to say, all the foregoing are presently matters of speculation and conjecture. Plaintiff's action under 42 U.S.C. § 1983 is clearly premature.

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the defendants to file answers. The plaintiff's attention is directed to the notice on the next page.

_____<br>
WILLIAM M. CATOE<br>
UNITED STATES MAGISTRATE JUDGE

December 16, 2005<br>
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
